UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Breindy Kohn, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br><br><br>　　-v.-<br>Arcon Credit Solutions LLC,<br>Absolute Resolutions Investments, LLC.,<br>and John Does 1-25.<br><br>　　　　　　　　　　　Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Breindy Kohn (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Arcon Credit Solutions LLC (hereinafter "Defendant Arcon") and Defendant Absolute Resolutions Investments, LLC (hereinafter "Defendant Absolute"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1.　Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## **PARTIES**

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Arcon is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 8425 Seasons PKWY, Suite 106, Saint Paul, Minnesota 55125 and can be served at URS Agents Inc., One Commerce Plaza, 99 Washington Avenue, Suite 805, Albany, New York 12210.

9. Upon information and belief, Defendant Arcon is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Absolute is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address at 20860 North Tatum Boulevard, Suite 165, Phoenix, Arizona 85050 and can be served at URS Agents, Inc., One Commerce Plaza. 99 Washington Avenue, Suite 805A, Albany, New York 12210.

11. Upon information and belief, Defendant Absolute is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

      a. all individuals with addresses in the State of New York;

      b. to whom Defendant Arcon sent a collection letter attempting to collect a consumer debt;

      c. regarding collection of a debt;

      d. that included legal threats;

      e. that provided false and/or misleading offers of settlement;

      f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e, 1692g and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e, 1692g and §1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

     e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to April 8, 2021, an obligation was allegedly incurred by Plaintiff.

24. The alleged obligation arose out of a transaction involving a debt allegedly incurred by Plaintiff with the original creditor, U.S. Bank National Association (hereinafter U.S. Bank), in which the subject of the transaction was primarily for personal, family or household purposes.

25. Upon information and belief, U.S. Bank sold the allegedly defaulted debt to Defendant Absolute.

26. Upon information and belief, Defendant Absolute hired Defendant Arcon, a debt collector, to act as their agent in collecting the subject debt from the Plaintiff.

27. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

28. The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

29. Defendant Absolute purchased the subject debt when the debt was alleged to have been in default and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. Defendant Arcon was contracted for the purpose of collecting the subject debt on behalf of Defendant Absolute. Therefore, Defendant Arcon is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

*Violation – April 8, 2021 Collection Letter*

31. On or about April 8, 2021, Defendant Arcon sent the Plaintiff a collection letter (the "Letter") seeking to collect an alleged debt.  **See Collection Letter – Attached hereto as Exhibit A.**

32. The Letter warned:

"Your U.S. Bank National Association account has been purchased by Absolute Resolutions Investments LLC and placed with us for collection as a pre-legal account. A pre-legal account is on that has been identified and sent to us by our creditor client as an account eligible legal review. If our collection efforts fail, our creditor may forward your account to an attorney's office to be reviewed for possible legal action.

In an effort to resolve this matter, we have been authorized to negotiate **GENEROUS SETTLEMENT TERMS** on this account. Please review the following settlement opportunities to make resolution of your account a reality."

33. After that initial threat of litigation against the Plaintiff should no resolution be reached, the Letter continues by stating:

"To take advantage of one of these opportunities to settle your account, call Ryan Blake at 833-976-0969. As long as you haven't made other arrangements to repay this debt, you may be eligible for this offer. These offers are valid for 40 days from the date after you receive

this letter. If you wish to make a payment proposal after that time, please call us to discuss it. We are not obligated to renew these offers."

34. The threat that Plaintiff's account is "a pre-legal account," that the "account is eligible for legal review," and threat of "legal action" should the collection efforts fail is harassing and only serves to scare Plaintiff into making immediate payment.

35. Further, the implication is that litigation is imminent, due to the account having "been identified and sent to us by our creditor client as an account eligible for legal review," yet the Defendant is not an attorney and cannot make the decision if and when a lawsuit may occur.

36. In addition, neither the Defendant nor the creditor are attorneys, yet the letter goes into detail regarding the legal process discussing that an attorney's office will review the account for possible legal action, all in furtherance of harassing and intimidating the Plaintiff into making an immediate payment due to fear of litigation.

37. These threats only serve to coerce Plaintiff into paying immediately to avoid the threat of legal action.

38. Plaintiff incurred an informational injury as it was falsely implied that her alleged debt would be accelerated for legal action if she did not pay the full amount demanded.

39. Similarly, the settlement terms provided were intended to mislead and confuse the Plaintiff by not only being unclear as to what was actually being offered, but to separately make the Plaintiff believe that time was of the essence in determining whether or not to accept the same, which separately also serve to underscore the threats of further legal action discussed above.

40. The Letter is misleading in that indicates that it is offering three separate settlement options to the Plaintiff, but then immediately notes that the Plaintiff "*may be eligible*" to pursue

such options. Therefore, it is unclear whether these potential settlement terms are actually being extended and available to the Plaintiff.

41. Defendant Arcon's Letter further harasses and is intended to confuse the Plaintiff in that it notes that these "offers" shall expire after 40 days and Defendant Arcon then advises that it is not obligated to renew the offers after that time. As a result, not only has Defendant Arcon issued false, misleading "offers" of settlement, but the same constitute a "one-time, take-it or leave it offer," which underscores the harassing nature of the letter overall in threatening legal action against the Plaintiff should she not agree to the terms provided.

42. Accordingly, after reviewing the letter in its entirety, Plaintiff was unable to ascertain what potential terms of settlement were actually being extended to her, but was also pressured into pursuing a settlement under the guise of the same being a one-time offer.

43. In addition, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor 15 U.S.C. § 1692g(a).

44. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period … that the debt, or any portion thereof, is disputed … the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

45. This letter contains the "G-Notice" but it is completely overshadowed by numerous other statements in the letter.

46. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Russell v. EQUIFAX A.R.S.*, 74 F. 3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed.") Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights … violates the Act." *Russell*, 74 F. 3d at 34.

47. The litigation threats made by Defendant in the letter threaten and overshadow the consumer's thirty-day validation rights by making threats of a lawsuit during the initial thirty-day period.

48. These threats only serve to coerce Plaintiff into paying immediately to avoid the threat of pending legal action in lieu of exercising her right to validate or dispute the debt provided her under the "G-Notice."

49. Defendant failed to provide Plaintiff, a consumer, with a proper initial communication letter which overshadowed Plaintiff's rights under the FDCPA.

50. These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant failed to maintain procedures reasonably adapted to avoid any such violations.

51. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

52. Plaintiff was confused and misled to her detriment by the statements in Defendant's correspondence, and relied on the contents of the correspondence to his detriment.

53. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

54. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

55. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

56. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendants violated said section

    a. by making a false and misleading representation in violation of §1692e(10);

    b. by falsely representing the character, amount, or legal status of the debt in violation of §1692e(2)(A);

    c. by making the threat to take any action that cannot legally be taken or that is not intended to be taken in violation of §1692e(5).

61. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

63. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

64. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

65. Defendants violated this section by falsely threatening and harassing Plaintiff with the letter containing false threats.

66. Defendants separately violated this same section by issuing a false and misleading settlement offer that it noted was not a definitive offer of settlement immediately after providing the terms for the same.

67. Specifically, the Letter requests that the Plaintiff "review the following settlement opportunities to make resolution of your account a reality" and then immediately notes that the Plaintiff "**may be eligible for this offer**" thus making it unclear whether the Plaintiff will actually have the opportunity to explore any of these offers. (emphasis added).

68. Defendants' settlement offer further violates the FDCPA in that it gives the impression that the offers is a one-time, take it or leave it offer by noting that it will expire in 40 days and that it has no obligation to renew the offers after that time.

69. Accordingly, the same was intended to put added pressure on the Plaintiff to settle the matter immediately.

70. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

71. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

73. Pursuant to 15 U.S.C. §1692g(b), the language in a debt collector's letter cannot overshadow a plaintiff's right to validate or dispute the debt afforded him by § 1692g.

74. The false threat of pending legal action and the additional threat of additional legal action pending served to overshadow Plaintiff's rights under the FDCPA.

75. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Breindy Kohn, individually and on behalf of all others similarly situated demands judgment from Defendant Arcon Credit Solutions LLC and Defendant Absolute Resolutions Investments LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 14, 2021            Respectfully Submitted,

                                               **STEIN SAKS, PLLC**

                                               /s/ Raphael Deutsch
                                               Raphael Deutsch, Esq.
                                               1 University Plaza, Suite 620
                                               Hackensack, NJ 07601
                                               Ph: (201) 282-6500
                                               Fax: (201) 282-6501
                                               ysaks@steinsakslegal.com
                                               *Attorneys for Plaintiff*